1  **WO**

**NOT FOR PUBLICATON**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael J. Brosnahan, ) | No. CV-10-8056-PCT-FJM |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Bank of America, et al., ) | |
| Defendants. ) | |

The court has before it defendants' motion to dismiss (doc. 11), plaintiff's response and "Motion to Quash All Defendants' Motions" (doc. 12), defendants' response in opposition to motion to quash and reply in support of motion to dismiss (doc. 14). We also have plaintiff's motion for sanctions (doc. 16), defendants' response (doc. 18), and plaintiff's motion for default judgment (doc. 20).

Plaintiff's 47-page *pro se* complaint is a rambling narrative of various allegations against defendants and challenges to the enforceability of his deed of trust. Among other things, plaintiff seeks an order of injunction, but there is no indication what plaintiff hopes to have enjoined. There are references to an undefined, non-judicial foreclosure proceeding, but we can only speculate as to whether or when such a proceeding is scheduled to occur. Notwithstanding the challenges presented in deciphering plaintiff's largely incomprehensible claims, three allegations are discernible.

Plaintiff claims that defendants are not the "creditors," "assignee of the creditor," or "real party in interest" because they have not produced the original promissory note, and are therefore without authority to conduct a non-judicial foreclosure. However, courts have consistently rejected this "show me the note" argument to avoid a non-judicial foreclosure. See Mansour v. Cal-Western Reconveyance Corp., 618 F. Supp. 2d 1178, 1181 (D. Ariz. 2009) and cases cited therein. Arizona's non-judicial foreclosure statute does not require presentation of the original note to proceed with non-judicial foreclosure. See A.R.S. §§ 33-801-821. Therefore, plaintiff's argument is without merit.

Plaintiff also asserts that his deed of trust is akin to a "confession of judgment" or a "cognovit note" and challenges it on due process grounds. A claim of deprivation of due process under 42 U.S.C. § 1983, however, is valid only if the alleged deprivation was committed "under color of state law." Plaintiff has sued only *private* parties who do not appear to have been connected to any government entity acting "under color of state law." Therefore, plaintiff's due process claim is without merit.

Finally, plaintiff alleges that he was not aware of the power of sale clause in his deed of trust when he executed the document, and that the deed was an unconscionable contract of adhesion. Arizona recognizes two types of unconscionability. Procedural unconscionability "is concerned with 'unfair surprise,' fine print clauses, mistakes or ignorance of important facts or other things that mean bargaining did not proceed as it should." Maxwell v. Fidelity Fin. Servs., Inc., 184 Ariz. 82, 88-89, 907 P.2d 51, 57-58 (1995). Substantive unconscionability "concerns the actual terms of the contract and examines the relative fairness of the obligations assumed." Id. at 89, 907 P.2d at 58. Plaintiff has not plead facts to show that his deed of trust is unconscionable. His only argument is that the deed was a standard form that he was required to sign and that he did not understand the terms. To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)). Plaintiff's complaint does not satisfy this test.

1  Because we conclude that the complaint does not adequately assert a cognizable claim, we grant defendants' motion to dismiss (doc. 11).

Rather than respond to the legal arguments raised in favor of defendants' motion to dismiss, plaintiff filed a motion to quash (doc. 12), a motion for sanctions (doc. 16), and a motion for default judgment (doc. 20), arguing that defendants and their counsel have failed to appear. According to plaintiff, there was no separate "notice of appearance" filed by defendants' lawyers and therefore they have not appeared as required by Rule 5.1, Fed. R. Civ. P. This is incorrect. Defendants' counsel have properly appeared by filing their removal notice in this court. No additional, separate notice is required by either the federal or local rules. Plaintiff's motions are without merit.

Accordingly **IT IS ORDERED GRANTING** defendants' motion to dismiss (doc. 11).

**IT IS FURTHER ORDERED DENYING** plaintiff's motion to quash (doc. 12), **DENYING** plaintiff's motion for sanctions (doc. 16), and **DENYING** plaintiff's motion for default judgment (doc. 20).

**IT IS FURTHER ORDERED VACATING** the Rule 16 conference set for July 9, 2010 on grounds of mootness.

It is difficult for a party to successfully manage the complexities of a lawsuit unaided by a lawyer. We urge plaintiff to seek the advice of counsel. If he does not have one, he may wish to contact the Lawyer Referral Service of the Maricopa County Bar Association at 602-257-4434.

DATED this 30th day of June, 2010.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge